**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4758**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL E. SAVILLA,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-7648)

Submitted: February 3, 2006        Decided:  March 21, 2006

Before WILKINSON, LUTTIG, and GREGORY, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, R. Booth Goodwin II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before us on remand from the United States Supreme Court. We previously affirmed Samuel E. Savilla's conviction following a guilty plea for cultivating greater than twenty marijuana plants in violation of 21 U.S.C. § 841 (2000), as well as his resulting eighteen-month sentence. See United States v. Savilla, No. 03-4758 (4th Cir. Sept. 9, 2004) (unpublished). The Supreme Court vacated our decision and remanded Savilla's case for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

A Sixth Amendment error occurs when a district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. Because Savilla did not raise a Sixth Amendment challenge or object to the mandatory application of the guidelines in the district court, our review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

Savilla's plea supports a conclusion that he is responsible for the cultivation of two kilograms of marijuana. These facts correspond with an offense level of ten. See U.S. Sentencing Guidelines Manual §§ 2D1.1(c)(15) (2003). Combined with his criminal history category of one, this offense level yields a sentencing range of six to twelve months' imprisonment. See USSG Ch. 5, Pt. A, table. Savilla's sentence of eighteen months exceeds

this range.  Because this error affects Savilla's substantial rights, we conclude it is plainly erroneous.* See Hughes, 401 F.3d at 547-48.

Accordingly, we vacate the sentence imposed by the district court and remand for resentencing in accordance with Booker.  Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  Id.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  Id.  The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.  We affirm Savilla's conviction for the reasons

---

*Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Savilla's sentencing.  See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal.").

stated in our prior opinion of September 9, 2004.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART